HARTIGAN *v.* MICHIGAN CENTRAL RAILROAD CO.[1]

RAILROAD COMPANIES—EJECTION OF TRESPASSERS ON TRAINS—LIA-
BILITY FOR INJURIES.

> A railroad company is not liable for injuries to a trespasser
> ejected from a train by a brakeman who had no authority to
> eject him.

Error to Calhoun; Smith, J. Submitted January 15,
1897. Decided May 28, 1897.

Case by George Hartigan against the Michigan Central
Railroad Company for personal injuries. From a judg-
ment for plaintiff, defendant brings error. Reversed.

*Hulbert & Mechem,* for appellant.

*L. B. Tompkins* (*Herbert E. Winsor,* of counsel),
for appellee.

MOORE, J. November 17, 1895, the plaintiff boarded
an extra freight train belonging to the defendant, which
was not allowed to, and did not, carry passengers, with
the intention of stealing a ride. His version of what
occurred, briefly stated, is that he was discovered by a
brakeman while he was standing on a bumper, holding
fast to the ladder which was on the side of a freight car,
and was ordered to get off the train while it was going
too fast for him to do so with safety. He claims the
brakeman threatened to kick him off if he did not go, and
started down the ladder as though to put his threat into
execution. The plaintiff says that, believing the brake-
man meant to do what he had threatened to do, and that
it would be safer for him to jump than to remain on the
car, he did jump, and received very serious injuries.
The plaintiff does not claim the brakeman either struck or

---

[1] Rehearing denied June 18, 1897.

kicked him. The brakeman's version of what occurred was a denial of the account given of the transaction by the plaintiff. He says he told the plaintiff that he was going back to set the brakes, to slow up the train for signals, and, if the train went slow enough, for him to get off, and, if not, that he would have to get off at Concord, where the train stopped. The plaintiff sued the defendant to recover for the injuries received by him. When the testimony was all in, the attorneys for the defendant asked the court to direct a verdict for the defendant upon the ground that plaintiff had not shown that the brakeman had authority to remove trespassers like Hartigan, and because it appeared affirmatively that he did not have such authority, and that, if he did what plaintiff claimed he did, he was acting outside of the scope of his authority, and the defendant would not be liable for his acts. The trial judge declined to accept this view, and submitted the case to the jury, who rendered a verdict for the plaintiff. Defendant appeals.

The only way this case differs from the case of *Randall* v. *Railway Co., ante,* 115, is that in this case it appears affirmatively that the brakeman did not have the authority to eject trespassers from extra freight trains unless so directed to do by his superiors, while in the *Randall Case* that fact did not appear affirmatively. The opinion in *Randall* v. *Railway Co.* discusses so fully the principles of law involved in this case that it is not necessary to repeat them here.

The judgment is reversed, and no new trial ordered.

LONG, C. J., and GRANT, J., concurred with MOORE, J. HOOKER, J., did not sit.

MONTGOMERY, J. (*dissenting*). My views upon the main question involved in this case are sufficiently expressed in *Randall* v. *Railway Co., ante,* 120.